**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                                                   **Case No. 3:13cr93/MCR**

**PRESTON LEE JOHNSON, JR.,**

      **Defendant.**

_____/

## ORDER

    Defendant Preston Lee Johnson, Jr. has been indicted for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g), 924(e), and his trial is scheduled to begin on June 10, 2014.  Pending before the Court is Defendant's Motion *in Limine* to Exclude Evidence (doc. 34) of his prior state conviction for possession of a firearm by a convicted felon, which occurred on April 30, 2003.[1]  Defendant argues that the evidence should be excluded because it will be offered to prove his propensity to commit crimes.  In response, the Government states that the prior conviction will be used to prove Defendant's knowledge and intent, as well as a lack of mistake or accident.  *See* Fed. R. Evid. 404(b).  Having fully considered the matter, the Court finds that the Motion is due to be denied without prejudice to reconsideration at trial.

**Background**[2]

    In March 2013, the Escambia County Sheriff's Office dispatched deputies in response to a 911 call regarding an individual who approached the caller's home with a shotgun in hand.  The offense report reveals that the individual stood on the front porch of the home and shouted, "Where is he?", while racking the shotgun.  When the deputies

---

[1]  Defendant also generally moves to exclude any evidence of any misconduct.

[2]  In ruling on a preliminary question of whether evidence is admissible, the Court is not bound by the rules of evidence, except the rules on privilege.  Fed. R. Evid. 104(a).

arrived at the scene, they found a shotgun shell on the porch, and the caller and another witness provided the deputies with a description of the individual, whom they knew as "Preston."  The deputies also learned that Preston had left the scene on foot and previously had been in a verbal altercation with a male that lived next door.[3]  The caller told the deputies that Preston appeared intoxicated and that he lived at 1609 West Yonge Street in Pensacola, Florida.[4]  The deputies traveled to the residence but found it vacant. In the backyard, however, deputies discovered Defendant drunk and asleep inside of a shed with a shotgun and shotgun shells in plain view.  Defendant matched the caller and the other witness's earlier description of the person they knew as Preston.  The deputies were unable to awaken Defendant, so they collected the firearm and ammunition and left a note explaining that the materials were confiscated as evidence.[5]

The following day, after learning that Defendant previously had been convicted of a felony, deputies prepared an affidavit in support of an arrest warrant.  On March 18, 2014, a special agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives contacted Defendant at his residence regarding the March 14 incident.  Defendant agreed to speak with the agent and stated that he had been drinking at the 911 caller's residence earlier that day.  Defendant explained that he got into an argument with a person who was with him and left to go home.  Defendant told the agent that he went home, retrieved an old, unloaded shotgun and two shotgun shells, and walked back to the caller's residence. Defendant said he displayed the unloaded shotgun, threw two shells towards the front porch, and walked back home.  Defendant admitted that he recently had been released from prison in October 2012 and knew he was not allowed to possess a firearm or ammunition.

---

[3]  The deputies later located this neighbor, who stated that he had been at Preston's house a few hours earlier.  The neighbor said that Preston was intoxicated at the time but denied that they had gotten into any argument.

[4]  Both the caller and the other witness indicated that they did not want to be involved in the investigation any further and would not testify in court.

[5]  The deputies were not aware of Defendant's criminal history, and Defendant was not arrested at the time police seized the shotgun and the shells.

A federal grand jury indicted Defendant in September 2013 on one count of possession of a firearm and ammunition by a convicted felon.  Defendant pled not guilty, and a notice was issued scheduling a jury trial.  Pursuant to Federal Rule of Evidence 404(b)(2), the Government provided Defendant notice of its intent to introduce evidence of Defendant's 2003 state conviction for possession of a firearm by a convicted felon.  The records provided with the notice show that Defendant pled guilty to the state firearm possession charge, as well as two counts of improper exhibition of a firearm.  *See* Fla. Stat. §§ 790.10, 790.23.  The Government also furnished Defendant with a copy of the Escambia County Sheriff's Office's offense report regarding the 2003 conviction.  That document reveals that in March 2003, a deputy responded to a reported threat involving a male in possession of two shotguns.  The deputy located the male, who was later identified as Defendant, and observed him on the street carrying two single-barrel shotguns.  Defendant told the deputy that the shotguns were inoperative, denied threatening anyone, and explained that he was walking back to his own residence.  The person who initially reported the threat then stated that he was watching a movie at his girlfriend's house when Defendant arrived and became angry.  The person told the deputy that Defendant then went home and returned approximately five minutes later with the shotguns, yelling and threatening to kill anyone inside of the girlfriend's house.  The deputy ran a criminal history check on Defendant and, upon learning he was a convicted felon, arrested him for possession of the firearms.  In the instant proceedings, the Government seeks to introduce evidence of the 2003 conviction in order to prove the Defendant knowingly possessed the shotgun and ammunition during the 2013 incident.

**Discussion**

Evidence of other crimes, wrongs, or acts is not admissible to prove a defendant's character for the purpose of showing his propensity to act in conformity with that character, but such evidence may be admissible when it is used to prove knowledge, intent, absence of mistake, or lack of accident.  Fed. R. Evid. 404(b).  The Eleventh Circuit has articulated a three-part test to determine whether extrinsic evidence of a prior act is admissible under Rule 404(b): (1) "the evidence must be relevant to an issue other than the defendant's

character"; (2) "there must be sufficient proof that a jury could find that the defendant committed the extrinsic act"; and (3), in addition to meeting the other requirements of Rule 403,[6] "the evidence must possess probative value that is not substantially outweighed by its undue prejudice." *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir.) (en banc), *cert. denied*, 506 U.S. 942 (1992). One of the concerns in admitting extrinsic offense evidence is that it may lead the jury to reason that when the defendant has committed "a crime of the type charged, the defendant is likely to repeat it," which is precisely the propensity inference Rule 404(b) works to prevent.[7] *United States v. Baker*, 432 F.3d 1189, 1205 (11th Cir. 2005) (quoting *United States v. Beechum*, 582 F.2d 898, 910 (5th Cir. 1978) (en banc)). In weighing the probative value against the risk of undue prejudice, the Court engages in a "common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir. 2003). Furthermore, the Court may reduce a risk of undue prejudice by giving a limiting instruction to the jury. *United States v. Carlisle*, 173 F. App'x 796, 802 (11th Cir. 2006) (citing *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005)).

To convict a defendant for possession of a firearm by a felon under 18 U.S.C. § 922(g), "the government must prove beyond a reasonable doubt that (1) the defendant was a convicted felon, (2) the defendant knowingly possessed a firearm, and (3) the firearm was in or affected interstate commerce." *United States v. Tucker*, 287 F. App'x 77, 79 (11th Cir. 2008) (citing *United States v. Deleveaux*, 205 F.3d 1292, 1926-97 (11th Cir.

---

[6] Rule 403 permits the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The remedy of exclusion provided by Rule 403 however, is an extraordinary one that the Court should "invoke sparingly," striking any balance in favor of admissibility. *United States v. Brooks*, 426 F. App'x 878, 881 (11th Cir. 2011) (quoting *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003)).

[7] Another inherent danger "is that the jury may convict the defendant not for the offense charged but for the extrinsic offense." *United States v. Baker*, 432 F.3d 1189, 1205 (11th Cir. 2005) (quoting *United States v. Beechum*, 582 F.2d 898, 910 (5th Cir. 1978) (en banc)).

2000)).  To establish "knowing possession," the Government must prove actual or constructive possession through either direct or circumstantial evidence.  *United States v. Mobley*, 322 F. App'x 793, 795-96 (11th Cir. 2009); *United States v. Greer*, 440 F.3d 1267, 1271 (11th Cir. 2006).  To prove the defendant acted with a "knowing" state of mind, the Government must establish "that the defendant consciously possessed what he knew to be a firearm," *Deleveaux*, 205 F.3d at 1298, as opposed to having possessed it by mistake or accident.  *Jernigan*, 341 F.3d at 1279.  The parties in this case have entered into a stipulation that the defendant is a convicted felon, and the Government represents that evidence will be presented at trial showing that the shotgun and shells were manufactured outside of Florida (and therefore traveled in interstate commerce).  Thus, the central issue at trial apparently will be whether Defendant knowingly possessed the firearm and ammunition.

Turning to the Rule 404(b) analysis, Defendant's 2003 conviction in Florida for possession of a firearm by a convicted felon is relevant to an issue other than Defendant's character because the evidence tends to show that Defendant acted knowingly.[8]  *See Jernigan*, 341 F.3d at 1281-82 ("[I]t is untenable to say that Nelson's previous, knowing commission of crimes that involved the possession of a weapon—and specifically, the possession of a weapon in a car—does not logically bear on his knowledge of the presence of a gun at the time Jernigan's car was pulled over."); *Creamer v. State*, 605 So. 2d 541, 542 (Fla. 1st DCA 1992) (requiring a jury instruction that a conviction of possession of a firearm requires proof that the defendant acted knowingly).  There is also sufficient evidence for the jury to find that Defendant committed the prior act because he was convicted of the crime.  *See Jernigan*, 341 F.3d at 1282 ("[I]t is elementary that a conviction is sufficient proof that the defendant committed the prior act.").

In examining the third factor, however, the Court is skeptical of the prosecution's need for introducing the extrinsic evidence in light of the eye witnesses to the 2013 incident

---

[8] Defendant has put his state of mind at issue by pleading not guilty.  *United States v. Sawyer*, 361 F. App'x 96, 99 (11th Cir.) (citing *United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005), *cert. denied*, 549 U.S. 811 (2006)), *cert. denied*, 131 S. Ct. 176 (2010).

and Defendant's confession to the special agent.[9]  *See United States v. Jones*, 28 F.3d 1574, 1581 (11th Cir. 1994) ("If the government has a strong case without the extrinsic offense, then the prejudice to the defendant will more likely outweigh the marginal probative value."), *as modified by United States v. Jones*, 74 F.3d 275 (11th Cir. 1996). The Court notes, however, that the Government's exhibits suggest that the eye witnesses may refuse to testify.  Furthermore, the probative value of the evidence is relatively high because of the factual similarities between the extrinsic offense and the one charged in this case.  *See United States v. Mathis*, 519 F. App'x 643, 646 (11th Cir. 2013) ("A similarity between the other act and a charged offense will make the other act highly probative as to a defendant's intent in the charged offense.").  Even though the prior crime occurred ten years ago, it "need not be very recent, especially where a substantial portion of the gap in time occurred while the defendant was incarcerated," *United States v. Sterling*, 738 F.3d 228, 238 (11th Cir. 2013), *cert. denied*, 2014 WL 1621678 (U.S. May 27, 2014), and here, the Government's exhibits show that Defendant was incarcerated from May 14, 2003 to December 6, 2006, and then again from July 28, 2009 to October 23, 2012.  Based on these considerations, the Court cannot say with certainty that the probative value is *substantially* outweighed by the risk of undue prejudice, particularly in light of the fact that the Court may provide a limiting instruction to mitigate the prejudicial effect.  *See United States v. Beeman*, 386 F. App'x 827, 833 (11th Cir. 2010).  Therefore, the Court finds that Defendant's Motion should be denied, but due to the Court's concern that the extrinsic evidence may be unnecessarily cumulative, as well as the requirement that the Court engage in a "common sense assessment," *Jernigan*, 341 F.3d at 1282, the Motion will be denied without prejudice to reconsideration at trial, at which time the Court will be in a better position to assess the Government's need for the introduction of the evidence.

Accordingly:

1.      Defendant's Motion *in Limine* to Exclude All 404(b) Evidence (doc. 34) is

---

[9]  Although Defendant may have been drunk at the time he allegedly possessed the firearm and ammunition, voluntary intoxication is usually not a defense to a Section 922(g) offense.  *United States v. Carlisle*, 173 F. App'x 796, 800 (11th Cir. 2006).

**DENIED without prejudice** to reconsideration at trial.

2.      The Government shall notify the Court outside of the presence of the jury before introducing evidence of Defendant's 2003 conviction that is the subject of this Order.[10]

**DONE and ORDERED** this 9th day of June, 2014.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[10]  The Government shall not refer to the prior conviction in its opening statement.

Case No. 3:13cr93/MCR