IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.   Case Nos.:   3:13cr93/MCR/EMT
                   3:16cv224/MCR/EMT

PRESTON LEE JOHNSON,

     Defendant.

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's "Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255" (ECF No. 86). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that Defendant's motion should be summarily dismissed.[1]

## BACKGROUND and ANALYSIS

---

[1] Defendant's motion is not on the appropriate court form as required by Northern District of Florida Local Rule 5.7(A). If summary dismissal were not warranted in this case, the court would require Defendant to file an amended motion on the court form before his case could proceed.

Defendant was sentenced to a term of 200 months imprisonment after a jury convicted him of possession of a firearm and ammunition by a convicted felon (*see* ECF Nos. 51, 61, 71-74). Defendant's Presentence Investigation Report ("PSR") reflects that he was classified as an Armed Career Criminal, a designation that affected both his total offense level and his criminal history category (*see* ECF No. 58, PSR ¶¶ 32, 63). In the instant § 2255 motion, Defendant asserts that he is entitled to sentencing relief because he no longer qualifies for this designation after the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015).

Title 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), provides that a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another or (ii) is burglary, arson, or extortion, involves the use of explosives *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). The Supreme Court ruled in Johnson that the italicized language, known as the "residual clause," violates the Constitution's guarantee of Due Process due to vagueness. Johnson, 135 S.Ct. at 2563.

Case Nos.: 3:13cr93/MCR/EMT; 3:16cv224/MCR/EMT

Although only three previous convictions for a violent felony or a serious drug offense, or both, are required in order to be classified as an Armed Career Criminal under the ACCA, Defendant's PSR lists six prior qualifying convictions (ECF No. 58, PSR ¶ 32). The six convictions are: resisting arrest with violence and battery on a law enforcement officer; burglary, trespass and battery; burglary of a dwelling; possession and sale of cocaine; battery on a law enforcement officer; and battery. (ECF No. 58, PSR ¶¶ 44, 46, 47-49 and 54). Several other battery convictions and a conviction for aggravated assault without a firearm were not included within the list of underlying offenses (see ECF No. 58, PSR ¶¶ 42, 50, 51, 53, 56). Defendant now challenges the use of the burglary convictions as predicates for the ACCA enhancement.

In his motion, Defendant asserts that he did not previously challenge the use of his burglarly convictions as ACCA predicates because at the time his case was pending, existing precedent supported their consideration under the residual clause (ECF No. 86 at 2). From Defendant's arguments, it is clear that it is only the burglary convictions that he challenges (ECF No. 86 at 4). However, even if he were correct, and the two burglary convictions were no longer proper predicate offenses after the Supreme Court's 2015 decision in <u>Johnson,</u> the ACCA

enhancement is still supported by the other four convictions enumerated in Defendant's PSR.

As noted above, Defendant had prior convictions for sale of cocaine and resisting arrest with violence, neither of which was affected by Johnson's invalidation of the residual clause because these offenses qualified as a serious drug offense and a crime of violence under the elements clause respectively. The Supreme Court has held that a third listed predicate offense in this case, battery on a law enforcement officer, is not categorically a crime of violence under the elements clause of the ACCA because the "physical force" required under the ACCA is a "violent force—that is, force capable to causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010). However, battery on a law enforcement officer may be classified as a crime of violence using the modified categorical approach, which permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record—including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms. Id. at 144-145. The Eleventh Circuit used this approach in Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328 (11th Cir. 2013) to assess whether a Florida conviction for battery on a law enforcement officer was a crime of violence. In so

Page **5** of **7**

doing, the court examined the undisputed facts regarding Turner's prior conduct in the PSR, noted that Turner had fled from officers, resisted arrest, and pushed a deputy against a wall resulting in an injury to her wrist. The Eleventh Circuit concluded that this conduct qualified as a crime of violence under the elements clause using the modified categorical approach. 709 F.3d 1340.[2] In the case at bar, Defendant's conviction for battery on a law enforcement officer occurred after Defendant "actually and intentionally touched or struck State Correctional Officer Sandra Davis causing bodily harm to her while the officer was conducting a security check" (ECF No. 58, PSR ¶ 49). This offense thus qualifies as Defendant's third ACCA predicate offense. Three offenses will suffice for the application of the ACCA enhancement, but the undersigned also notes that the conduct giving rise to the remaining listed battery conviction was described as "the Defendant hit the victim in jail, which was witnessed by a corrections officer" (ECF No. 58, PSR ¶ 54). Thus, regardless of whether Defendant's two burglary convictions, each of which included actual or threatened violence, are considered proper ACCA predicates after Johnson, Defendant's criminal history still supports application of

---

[2] The court noted that even if the conviction did not qualify under the elements clause, it would qualify as a violent felony under the residual clause. This portion of the holding in Turner has been overruled by Johnson.

the ACCA enhancement, and he is not entitled to relief. Therefore, his motion should be summarily dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

Case Nos.: 3:13cr93/MCR/EMT; 3:16cv224/MCR/EMT

1.   The "Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255" (ECF No. 86) be summarily **DENIED and DISMISSED**.

2.   A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 6th day of June 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**   A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:13cr93/MCR/EMT; 3:16cv224/MCR/EMT